UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ABDULLAH SABOOR RASHID,
        Plaintiff,                                    No. 3:16-cv-01756 (SRU)

        v.

DETECTIVE DAWN MORINI, et al.,
        Defendants.

INITIAL REVIEW ORDER

The plaintiff, Abdullah Saboor Rashid, was incarcerated at the Willard-Cybulski

Correctional Institution when he filed this action. He now resides in Windsor Locks,

Connecticut. He has filed a complaint under 42 U.S.C. § 1983 against the Windsor Locks Police

Department, Detective Dawn Morini, Officer John Doe 1, Detective John Doe 2, Criminologist

1, Criminologist 2 and the Connecticut State Forensic Laboratory. For the reasons set forth

below, I dismiss Rashid's complaint in part.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any

portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

Although detailed allegations are not required, the complaint must include sufficient facts to

afford the defendants fair notice of the claims and grounds upon which they are based and to

demonstrate a plausible right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56

(2007).  Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints

'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90. 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In August 2014, Windsor Locks police officers arrested Rashid in the driveway of his residence on burglary charges. Officer John Doe 1 searched and seized two towels from Rashid's car without a warrant. The Officer falsely stated in his report that Rashid had consented to the search. In addition, the report listed additional items as having been seized from the car including sixteen pillow cases and one face cloth.

Detective Morini stated in her report that she had seized two towels from the crime scene at the Candlewood Suites in Windsor Locks, Connecticut. She initially submitted one towel and a pillow case from another crime to the forensic crime lab to be tested for DNA evidence. The following day, she submitted the other towel that she had seized from the Candlewood Suites for testing. Rashid claims that Detective Morini tampered with evidence and broke the chain of custody with regard to the submission of evidence to the crime lab.

When Rashid was at the Enfield Superior Court in connection with the criminal charges filed against him, he consented to Detective Morini's request for a sample of his DNA. Morini indicated that the police had a videotape of Rashid linking him to the burglaries. She also indicated that the crime lab had "a forensic D.N.A. hit matching [his] DNA profile from a brown stain" on one of the towels that she had submitted for testing.

The reports prepared by Criminologist 1 and Criminologist 2 indicated that Rashid's DNA was on evidence submitted for testing, but did not identify the evidence or where on that

piece of evidence the DNA was located. Rashid claims that the failure to include this information

"subverted the fairness of the fact finding process" and could lead to a wrongful conviction."

Compl., Doc. No. 1, at 8. Rashid also suggests that the testing done by the criminologists

revealed exculpatory evidence that they failed to disclose in their reports.

A year after Rashid had been arrested and confined in prison, Detective John Doe 2 filed

burglary charges against him based on the forensic lab's finding that his DNA was detected after

testing a blood-like stain on evidence seized from a crime scene in Windsor Locks, Connecticut.

Rashid claims that Detective John Doe 2 consulted with Detective Morini before filing criminal

charges. Rashid states that the police falsely charged him with a total of seven counts of

burglary, six counts of larceny and one count of criminal mischief. Rashid was unable to post the

cash bond imposed by the judge.

It took twenty months to resolve the criminal charges against Rashid. During that time,

the prosecutor offered Rashid a plea deal of three years to serve and two years of special parole.

After Rashid requested an investigation into the possibility that Detective Morini had tampered

with evidence, the prosecutor nolled all of the charges him.

On June 1, 2015, before the criminal charges were nolled, Rashid suffered two strokes.

Rashid is still participating in physical and occupational therapy in order to learn to walk, run

and write again.

Rashid claims that his detention on criminal charges was unlawful and without probable

cause. He seeks monetary damages and a declaratory judgment.

## I.      Windsor Locks Police Department

A municipal police department is not an independent legal entity and is not subject to suit

under section 1983. *See Rose v. City of* Waterbury, 2013 WL 1187049, at \*9 (D. Conn. Mar. 21, 2013) (Bryant, J.) (noting that courts within Connecticut have determined that state statutes do not include  "provision[s] establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued . . . it is the municipality itself which possesses the capacity to sue and be sued") (internal quotation marks and citation omitted).  Furthermore, a police department is not a person amenable to suit under 42 U.S.C. § 1983. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) (collecting cases). Thus, I dismiss any claims against the Windsor Locks Police Department for lack of an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

## II.      Connecticut State Forensic Laboratory

To state a claim under section 1983 the plaintiff must allege facts showing that the defendant, a person acting under color of state, law deprived him of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). The Connecticut State Forensic Laboratory is not a person subject to suit under 42 U.S.C. § 1983.

The Connecticut Department of Emergency Services and Public Protection is made up of six divisions: Connecticut State Police, Scientific Services, Emergency Management & Homeland Security, Police Officers Standards and Training Council, Commission on Fire Prevention and Control/CT Fire Academy and Division of Statewide Emergency Telecommunications. *See* About Us, http://www.ct.gov/despp/site/default.asp. The Division of Scientific Services provides forensic support to local, state and federal agencies throughout Connecticut. *See id.* Within this division is the Forensic Science Laboratory which is responsible for all forensic examinations for the State of Connecticut. *See id.* It is governed by Connecticut

General Statutes § 29-7b. As part of a division of a state agency, the Department of Emergency

Services and Public Protection, the Connecticut Forensic Laboratory is not a person within the

meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state

and state agencies not persons within meaning of 42 U.S.C. § 1983). Accordingly, I dismiss all

section 1983 claims against the Connecticut Forensic Laboratory for lack of an arguable legal

basis. *See* 28 U.S.C. § 1915A(b)(1).

### III.     Remaining Defendants

Rashid's allegations may be read to assert claims of false arrest and malicious

prosecution against Detective Dawn Morini and Detective John Doe 2, and a malicious

prosecution claim against Criminologists 1 and 2. In addition, Rashid claims that Officer John

Doe 1 illegally searched his car on the date that he was arrested in August 2014, and seized two

towels without a warrant. I conclude that Rashid has stated Fourth Amendment claims of false

arrest and malicious prosecution against Detective Dawn Morini and Detective John Doe 2; a

Fourth Amendment claim of illegal search and seizure against Officer John Doe 1; and a Fourth

Amendment claim of malicious prosecution against Criminologists 1 and 2. Those claims will

proceed respectively against Detectives Dawn Morini and John Doe 2, Officer John Doe 1 and

Criminologists 1 and 2 in their individual and official capacities.

### ORDERS

I hereby order that:

(1)     All claims against defendants Windsor Locks Police Department and the

Connecticut State Forensic Laboratory are **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). The

false arrest and malicious prosecution claims will proceed against Windsor Locks Police

Detective Dawn Morini and Windsor Locks Police Detective John Doe 2 in their individual and official capacities, the malicious prosecution claim will proceed against Criminologist 1, Criminologist 2 in their individual and official capacities, and the unlawful search and seizure claim will proceed against Windsor Locks Police Officer John Doe 1 in his individual and official capacities.

Because Rashid has not identified the John Doe or Criminologist defendants by their names, the complaint cannot be served on those defendants. **Within ninety (90) days of this order**, Rashid shall file a notice with the court including the first and last names of Police Officer John Doe 1, Detective John Doe 2, Criminologist 1 and Criminologist 2. If Rashid fails to submit the necessary information with respect to any unnamed defendant within the time specified, I will dismiss the claims against that defendant pursuant to Fed. R. Civ. P. 4(m).

(2)     The Clerk shall prepare the documents required for official capacity service on defendant Windsor Locks Police Detective Dawn Morini and deliver them to the U.S. Marshal Service. **Within twenty-one (21) days of this order**, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendant Detective Dawn Morini in her official capacity by delivering the necessary documents in person to the Windsor Locks Town Clerk, 50 Church Street, Windsor Locks, CT  06096.

(3)     **Within twenty-one (21) days of this order**, the Clerk shall mail waiver of service of process request packet to Detective Dawn Morini in her individual capacity at the Windsor Locks Police Department, 4 Volunteer Drive, Windsor Locks, CT  06096.

(4)     Defendant Morini shall file her response to the complaint, either an answer or motion to dismiss, **within sixty (60) days from the date the notice of lawsuit and waiver of**

**service of summons forms are mailed to her**. If Morini chooses to file an answer, she shall

admit or deny the allegations and respond to the cognizable claims recited above. She may also

include any and all additional defenses permitted by the Federal Rules.

(5)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed **within seven months (210 days) of this order**. Discovery requests need not be filed

with the court.

(6)      All motions for summary judgment shall be filed **within eight months (240 days)**

**of this order**.


So ordered.

Dated at Bridgeport, Connecticut this 17th day of January 2017.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge